IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 98-30090 |
| | ) | |
| TUNJI KINCAID, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Tunji Kincaid's pro se Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 51, 53) and his "Leave to Request the Court to Take Judicial Notice of Defendant's Letter in Response to Chief Public Defender July 19, 2012's Letter and Motion to Withdraw as Counsel" (Leave Motion) (d/e 54).

Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motions (d/e 51, 53) are DISMISSED for lack of subject-

matter jurisdiction and Defendant's Leave Motion (d/e 54) is DENIED AS MOOT.

## FACTS

In April 1999, Defendant pleaded guilty to possession of cocaine base (crack) with the intent to distribute. 21 U.S.C. §841(a)(1)). In the Presentence Investigation Report (PSR), Defendant was held accountable for 12.4 grams of crack, which subjected him to a statutory term of ten years to life. 21 U.S.C. § 841(b)(1)(B) (1998). The PSR also found that Defendant was a career offender. See PSR, p. 6, ¶ 24; U.S.S.G. § 4B1.1(a). Based on an offense level of 34 and a criminal history category of VI, Defendant's sentencing guideline range was 262 to 327 months' imprisonment. PSR, p. 24, ¶ 78. At the August 1999 sentencing hearing, the Court adopted the PSR and sentenced Defendant to 282 months' imprisonment. See Judgment (d/e 29); August 6, 1999 Minute Entry.

On July 12, 2012, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 51).

Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On July 19, 2012, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant (d/e 52). Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because (1) none of the statutory changes made by the Fair Sentencing Act applied to Defendant's case because Defendant was sentenced on August 9, 1999, before the Fair Sentencing Act became law; and (2) Defendant was sentenced as a career offender.

On July 23, 2012, Defendant filed an Amended Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 53). On July 25, 2012, this Court granted Hawley leave to withdraw and granted Defendant until September 4, 2012 to supplement his motion or file a new motion for a reduced sentence.

On September 4, 2012, Defendant filed his Leave Motion (d/e 54). Defendant attached to the Leave Motion a July 19, 2012 letter from

Hawley to Defendant, explaining Hawley's opinion that Defendant was ineligible for a reduction under the retroactive crack amendment, and Defendant's July 24, 2012 response to Hawley, asking Hawley to reconsider his request to withdraw or, in the alternative, to modify or correct the reasons Hawley requested to withdraw.

## ANALYSIS

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). The Fair Sentencing Act does not apply retroactively. Bell, 624 F.3d at 814. Therefore, none of the statutory changes made by the Fair Sentencing Act apply to Defendant because he was sentenced before the Fair Sentencing Act became law.

The Act did, however, require that the United States Sentencing Commission amend the Federal sentencing guidelines "'to achieve

consistency with other guideline provisions and applicable law.'" <u>United States v. Perez</u>, 2011 WL 2183879, at *1 (N.D. Ind. 2011), <u>quoting</u> Pub. L. No. 111-220 at § 8, 124 Stat. at 2374. The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. <u>See</u> Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. <u>See</u> U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." <u>United States v. Turner</u>, 2011 WL 4704277, at*1 (W.D. Va. 2011).

In his Motions (d/e 51, 53), Defendant seeks a reduction in sentence and asks that his sentence be reduced to no more than the 20-

year statutory maximum permitted by law. (Defendant's argument as to why he believes a 20-year maximum applies is not clear. See 21 U.S.C. 841 (b)(1)(B) (1998) (providing that a defendant convicted of possession of 5 grams or more of crack with the intent to distribute who has a prior conviction for a felony drug offense shall be sentenced to not less than 10 years and not more than life imprisonment). Because this Court finds the Court lacks subject-matter jurisdiction to reduce Defendant's sentence, the Court need not address the argument. Specifically, Defendant argues he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c) because the recent amendments to the Sentencing Guidelines lowered the Guideline sentencing range for crack offenses. Defendant notes that while "a sentence that has been enhanced under the career offender provision of the U.S. [Sentencing Guidelines] § 4B1.1 cannot be reduced through § 3582 motions[,] . . . this case present[s] a singular and unique circumstance where an exception is advisable in the interest of justice." Motions, p. 7 (d/e 51, 53).

"District courts have limited power to revisit sentences once they

are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did

not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)).

Defendant cites United States v. Miller, 2010 WL 3119768 (D. Minn. 2010) in support of his argument. In Miller, the court reduced a life sentence for a career offender on the basis that "the offense conduct level was a dominant factor in the actual decision to find the career offender category and statutory life sentence applicable." Miller, 2010 WL 3119768, at *2. However, Miller is non-binding authority and is contrary to Seventh Circuit precedent. See Forman, 553 F.3d at 589-90. Unless Defendant can show that the Sentencing Commission lowered the sentencing range under which Defendant was sentenced, this Court lacks subject-matter jurisdiction to consider the reduction request under §3582(c)(2). Forman, 553 F.3d at 588.

## CONCLUSION

For the reasons stated Defendant's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 51, 53) are DISMISSED for lack of subject-matter jurisdiction. Defendant's "Leave to Request the Court to Take Judicial Notice of Defendant's Letter in Response to Chief Public Defender July 19, 2012's Letter and Motion to Withdraw as Counsel" (d/e 54) is DENIED AS MOOT.

ENTER: September 14, 2012

FOR THE COURT:

                                          s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE